IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANCISCO ANTONIO ONTIVEROS, §<br>#01780436, §<br>  PETITIONER, §<br> §<br>v. §<br> §<br>LORIE DAVIS, DIRECTOR, §<br>TEXAS DEPARTMENT OF CRIMINAL §<br>JUSTICE, CORRECTIONAL §<br>INSTITUTIONS DIVISION DIV., §<br>  RESPONDENT. § | CASE NO. 3:18-CV-983-K-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States magistrate judge for findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, the habeas petition should be **DISMISSED WITH PREJUDICE** as time barred.[1]

I.   BACKGROUND

In 2012, Petitioner Francisco Antonio Ontiveros pled guilty to aggravated robbery with a deadly weapon and was sentenced to 20 years' imprisonment. *State v. Ontiveros*, No. F10-62236-Q (204th Judicial District Court, Dallas Cty., Apr. 13, 2012), *aff'd*, No. 05-12-00535-CR, 2012 WL 5342363 (Tex. App.—Dallas Oct. 30, 2012, no pet.). The Texas Court of Criminal

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Appeals subsequently denied state habeas relief. *Ex parte Ontiveros*, No. WR-87,898-01 (Tex. Crim. App. Mar. 14, 2018) (denying application).[2]

On April 19, 2018, Ontiveros filed this *pro se* federal habeas petition, challenging his conviction and alleging due process violations and trial court errors. Doc. 3 at 6-7. As the petition appeared untimely, the Court directed Ontiveros to respond regarding the application of the one-year limitations period, which he has now done, Doc. 15. Upon review, the Court concludes that because Ontiveros filed his petition well beyond the expiration of the limitations period, it is time barred.

## II.   ANALYSIS

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Ontiveros does not allege any facts that could trigger a starting date under Sections 2254(d)(1)(C)-(D), so his one-year limitations period began to run from either (A) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" or (B) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." *See* 28 U.S.C. § 2244(d)(1)(A) and (B).

---

[2] The online docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=WR-87,898-01&coa=coscca (last visited Dec. 27, 2018).

1. **Section 2254(d)(1)(A)**

Because Ontiveros did not file a petition for discretionary review (PDR), his conviction became final on November 29, 2012—30 days after the state court of appeals affirmed his judgment of conviction on October 30, 2012. *See* Tex. R. App. Proc. 68.2(a) (PDR must be filed within 30 days of either the date on which the judgment is affirmed, or the last timely motion for rehearing is overruled by the court of appeals). The limitations period expired one year later, on November 29, 2013. Moreover, because Ontiveros did not file his state application until long after the limitations period expired, he is not entitled to statutory tolling.[3] *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Consequently, the federal petition is outside the one-year period under Section 2254(d)(1)(A) absent equitable tolling.

2. **2254(d)(1)(B)**

Ontiveros also invokes Section 2244(d)(1)(B), asserting "Tex. Gov't Code § 552.028(a) prevented [him] access to his trial records." Doc. 15 at 1-2. However, to invoke section 2244(d)(1)(B), Ontiveros must show that: "(1) he was prevented from filing a petition, (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). These requirements imply an element of causality and materiality with respect to a prisoner's ability to file his federal petition. *See Upchurch v. Thaler*, No. 3-10-CV-0987-D, 2011 WL 1422728, *3-4 (N.D. Tex. Jan. 28, 2011) (collecting cases requiring causal relationship between unconstitutional state action and being prevented from filing federal petition), *recommendation accepted*, 2011 WL 1193209 (N.D. Tex. Mar. 30, 2011). Ontiveros

---

[3] The state habeas application was filed on November 7, 2017, almost four years after the limitations period elapsed. The Dallas County docket sheet is available at http://courtecom.dallascounty.org/publicaccess/ (last accessed Nov. 20, 2018) (Case No. W1062236A).

"must also show that . . . [the impediment] actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original).

Here, Ontiveros has not made the requisite showing. His assertion that Tex. Gov't Code § 552.028(a) prevented him from filing his federal petition within the one-year limitations period is conclusory. His pleadings are completely silent as to how the alleged circumstances prevented him from filing a timely section 2254 petition. Moreover, Ontiveros does not allege a causal link between the alleged denial of access to his trial record and his inability to file a timely federal petition. Indeed, the record reflects that in August 2014, Ontiveros paid for and obtained a copy of the trial record directly from the Clerk of the Texas Court of Criminal Appeals.[4] That notwithstanding, Ontiveros was not prevented from filing a timely protective federal petition and seeking a stay of the one-year limitations period. *See Madden v. Thaler*, 521 Fed. Appx. 316, 321 (5th Cir. 2013) (per curiam) (collecting cases noting that a petitioner facing a lengthy delay could file a protective federal petition and seek a stay). Consequently, Ontiveros has failed to establish a state created impediment under section 2244(d)(1)(B).

## B. Equitable Tolling

Ontiveros's filings, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing") (quotations and quoted case

---

[4] The online docket sheet and copies of the letters exchanged between Ontiveros and the court clerk are available at http://search.txcourts.gov/Case.aspx?cn=05-12-00535-CR&coa=coa05 (last accessed on Nov. 20, 2018).

omitted). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("equity is not intended for those who sleep on their rights" (quotation and quoted case omitted)).

Furthermore, this is not a case in which Ontiveros pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year period, waiting almost four years to file his state habeas application. While Ontiveros allegedly did not have access to the trial court record until October 2014, he waited an additional three years, until October 2017, before he filed his state habeas application. Such an extended period of inactivity clearly indicates a lack of due diligence.

Moreover, contrary to his suggestion, Ontiveros' assertions of ineffective assistance of counsel on direct appeal, Doc. 15 at 2, have no bearing on equitable tolling because the alleged deficiencies necessarily preceded the commencement of the one-year limitations period. *Cf. Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir. 2000) (per curiam) (ineffective assistance of counsel on appeal is not relevant to equitable tolling). In addition, neither Ontiveros' *pro se* status nor his unfamiliarity with the law suffices to establish a rare and exceptional circumstance for purposes of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (per curiam) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").

Consequently, Ontiveros has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III.  CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

**SO RECOMMENDED**, December 27, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).